Case 5:20-cv-01254-OLG   Document 16   Filed 10/29/21   Page 1 of 10

FILED
October 29, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____JU_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **ROGER SALDANA,** § | |
| **TDCJ No. 02106153,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | SA-20-CV-1254-OLG |
| § | |
| **BOBBY LUMPKIN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Roger Saldana's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and supplemental memorandum in support (ECF No. 4), Respondent Bobby Lumpkin's Answer (ECF No. 11), and Petitioner's Reply (ECF No. 15) thereto. Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

**I. Background**

In November 2016, Petitioner plead guilty to one count of trafficking of a person and to one count of sexual assault of a child. (ECF No. 12-2 at 29-38). Pursuant to the plea bargain agreement, Petitioner judicially confessed to committing these offenses in exchange for the State dismissing two other charges alleged in the indictment and agreeing to a sentencing cap of thirty-five years of imprisonment on the trafficking charge. Following a separate punishment hearing, the trial court sentenced Petitioner to thirty-five years on the trafficking charge and twenty years

on the sexual assault charge, with the sentences to run concurrently. *State v. Saldana*, No. 15-08-00031-CRF (81st Dist. Ct., Frio Cnty., Tex. Nov. 10, 2016); (ECF No. 12-5 at 17-18, 22-23).

Petitioner's conviction was affirmed on direct appeal to the Texas Fourth Court of Appeals. *Saldana v. State*, No. 04-16-00806-CR (Tex. App.─San Antonio, Aug. 8, 2018); (ECF No. 12-19). Petitioner did not seek further appellate review by filing a petition for discretionary review with the Texas Court of Criminal Appeals. (ECF No. 1 at 3).[1] Instead, Petitioner challenged his conviction by filing a state habeas corpus application which was eventually denied on the merits by the Texas Court of Criminal Appeals without written order on September 16, 2020. *Ex parte Saldana*, No. 91,194-02 (Tex. Crim. App.); (ECF Nos. 12-31, 12-33).

Petitioner filed the instant federal petition on October 19, 2020. (ECF No. 1). In the petition and supplemental memorandum (ECF No. 4), Petitioner raises the same allegations that were rejected by the Texas Court of Criminal Appeals during his state habeas proceedings: (1) evidence from an illegal traffic stop should have been suppressed, (2) the State failed to disclose material evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), (3) his trial counsel rendered ineffective assistance by failing to investigate witnesses and evidence, failing to surrender Petitioner's file in a timely manner, and failing to retain investigators to investigate DNA and phone records, (4) evidence obtained from an illegal search of his cell phone should have been suppressed, and (5) there was no probable cause to search his cell phone.

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court

---

[1]  *See also* http://www.search.txcourts.gov, search for "Saldana, Roger" last visited October 19, 2021.

proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

    A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any

possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III.  Analysis

A.  **Petitioner's Guilty Plea**

Pursuant to the plea bargain agreement, Petitioner acknowledged the range of punishment he was facing for each of the four crimes for which he was indicted—one count of continuous trafficking of a person, two counts of sexual assault of a child, and one count of sexual performance by a child. (ECF No. 12-2 at 29).  In exchange for the State dismissing two of the charges and agreeing to a sentencing cap of thirty-five years on the trafficking charge, Petitioner waived his right to a jury trial and judicially confessed to committing one count of trafficking a person (a lesser included offense of continuous trafficking) and one count of sexual assault of a child. *Id*. at 29-38.

Nevertheless, Petitioner now challenges the constitutionality of his conviction by arguing that evidence should have been suppressed (Claims 1, 4, and 5), the State failed to disclose *Brady* evidence (Claim 2), and his trial counsel failed to adequately investigate (Claim 3).  Because he voluntarily plead guilty to the conviction he is now challenging under § 2254, however, Petitioner waived the right to challenge all non-jurisdictional defects in his proceedings.  Moreover, these allegations were rejected by the state court during Petitioner's state habeas proceedings.  As discussed below, the state court's rejection of these claims was neither contrary to, nor an unreasonable application of, Supreme Court precedent. *Richter*, 562 U.S. at 101.

1.  Petitioner's Plea Was Voluntary

It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences."

*Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005); *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *United States v. Juarez*, 672 F.3d 381, 385 (5th Cir. 2012).

The record in this case indicates Petitioner's plea was a voluntary and intelligent choice and not the result of any misrepresentation. Petitioner signed documents entitled "ADMONITIONS, WAIVERS, STIPULATION, CONFESSION, AND AGREEMENT" wherein he stipulated to the evidence against him and judicially confessed to committing two of the charged offenses. (ECF No. 12-2 at 29-38). The agreements also indicate Petitioner was represented by counsel, was mentally competent and understood the nature of the charges in the indictments and the range of potential punishment, and entered the plea freely and voluntarily. *Id*. Counsel for Petitioner also signed the agreement, stating that he discussed with Petitioner the rights he was waiving and indicating his belief that Petitioner understood those rights and the consequences of the plea. *Id*. at 34. The trial judge then gave his approval of the agreement, concluding:

> The Court hereby finds that (1) [Petitioner] is mentally competent, is represented by competent counsel, understands the nature of the charges against him/her, and has been admonished of the consequences of a plea of guilty or nolo contendere, including the minimum and maximum punishment provided by law; (2) the attorneys for [Petitioner] and the State consent to and approve the waiver of a trial by jury and agree to stipulate the evidence and judicial confession in this case; and (3) [Petitioner] understands the consequences of his plea, and [Petitioner]'s plea of guilty, statements, waivers, consent, stipulations, and judicial confession were

>  freely, voluntarily, knowingly and intelligently made.  The Court hereby approves the waiver of a jury trial, all other waivers, the consent to stipulate evidence, and judicial confession.

*Id* at 35.

In addition, the voluntariness of Petitioner's plea is also demonstrated by Petitioner's appearance before the trial court.  (ECF No. 12-11 at 178-89).  Petitioner was again admonished of the offenses he was charged with and their applicable punishment ranges and stated on the record that he understood both.  *Id*. at 178-81.  Petitioner also indicated that he discussed the plea agreement with his attorney and that he understood the agreement and the rights he was giving up.  *Id*. at 183-84.  The trial court concluded that Petitioner's waivers and stipulations were given knowingly, intelligently, and voluntarily.  *Id*. at 184-86.

Petitioner's formal declarations in open court carry "a strong presumption of verity" and constitute a formidable barrier to any subsequent collateral attack.  *United States v. Kayode*, 777 F.3d 719, 729 (5th Cir. 2014) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).  Petitioner's signature on the guilty plea documents is also *prima facie* proof of the validity of the pleas and is entitled to "great evidentiary weight."  *Theriot v. Whitley*, 18 F.3d 311, 314 (5th Cir. 1994); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985)).  Because Petitioner has not provided any evidence or argument that would overcome these "strong presumptions of verity," this Court denies any allegation made by Petitioner concerning the validity of his guilty plea.  *Blackledge*, 431 U.S. at 74 (finding "[t]he subsequent presentation of conclusory allegations which are unsupported by specifics is subject to summary dismissal.").

    2.    <u>Petitioner's Claims Were Waived by the Guilty Plea</u>

By entering a knowing, intelligent, and voluntary guilty plea, a defendant waives all non-jurisdictional defects preceding the plea.  *Tollett v. Henderson*, 411 U.S. 258, 265 (1973); *United*

*States v. Scruggs*, 714 F.3d 258, 261-62 (5th Cir. 2013). This rule encompasses errors of constitutional dimension that do not affect the voluntariness of the plea, such as claims of governmental misconduct and objections to searches and seizures that violate the Fourth Amendment. *United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) (citations omitted); *Franklin v. United States*, 589 F.2d 192, 194-95 (5th Cir. 1979) ("Franklin's claims regarding *Miranda* warnings, coerced confessions, perjury, and illegal searches and seizures are not jurisdictional in nature and thus do not require our consideration."). The rule also includes ineffective-assistance claims unless the alleged ineffectiveness relates to the voluntariness of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (waiving claims of ineffective assistance, except for claims related to voluntariness of plea). As such, the only claims that survive a guilty plea are those implicating the validity of the plea itself. *Tollett*, 411 U.S. at 267; *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).

Here, Petitioner claims that his conviction was unconstitutional because it was the result of two illegal searches, the State's failure to disclose evidence, and his trial counsel's failure to adequately investigate witnesses and evidence. But Petitioner fails to provide any relevant argument that such claims are jurisdictional, much less demonstrate how the alleged violations somehow relate to the voluntariness of his guilty plea. Accordingly, Petitioner's claims are waived by his knowing, voluntary, and intelligent guilty plea. Moreover, Petitioner fails to demonstrate that the state court's rejection of these allegations during his state habeas proceedings was either contrary to, or an unreasonable application of, clearly established federal law. For these reasons, federal habeas relief is denied.

B.     **The Fourth Amendment Claims** (Claims 1, 4, and 5).

In the alternative, three of Petitioner's allegations do not raise a cognizable federal constitutional issue because they challenge the trial court's failure to suppress evidence obtained in an allegedly illegal search. *See Stone v. Powell*, 428 U.S. 465, 494 (1976) (barring federal habeas relief on Fourth Amendment allegations). Under *Stone*, if the State has provided "an opportunity for full and fair litigation of a Fourth Amendment claim," federal habeas corpus relief may not be granted to a state prisoner on that claim. *Id*. Indeed, if the State provides the necessary processes to raise a Fourth Amendment claim, *Stone* bars federal habeas consideration of that claim whether or not the defendant employs those processes. *Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012); *Shislnday v. Quarterman*, 511 F.3d 514, 524 (5th Cir. 2007). The *Stone* bar "applies to all claims arising under the Fourth Amendment," including challenges to an arrest or the seizure of evidence. *Hughes v. Dretke*, 412 F.3d 582, 596 (5th Cir. 2005).

The State of Texas does have a process that allows defendants to litigate Fourth Amendment claims at the trial level and on direct appeal. *Register*, 681 F.3d at 628. And Petitioner raised his Fourth Amendment claims at both the trial level (through a motion to suppress) and on direct appeal. (ECF Nos. 12-11, 12-19). Petitioner also raised these exact same allegations during his state habeas proceedings. (ECF No. 12-33). He makes no argument that his opportunities in the state courts to challenge the admissibility of evidence under the Fourth Amendment was circumscribed in any way, nor has he alleged "the processes provided by the state to fully and fairly litigate Fourth Amendment claims are routinely or systematically applied in such a way as to prevent the actual litigation of Fourth Amendment claims on their merits." *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980). Consequently, his Fourth Amendment allegations are barred from federal habeas review.

### IV. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

### V. Conclusion and Order

Petitioner has failed to establish that the state court's rejection of the aforementioned claims on the merits during his state habeas proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during Petitioner's state trial and habeas corpus proceedings.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Roger Saldana's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the ___29th___ day of October, 2021.

 

_____
**ORLANDO L. GARCIA**
**Chief United States District Judge**